IN THE UNITED STATES DISTRICT COURT
                       FOR THE DISTRICT OF KANSAS


**CHARLES A. BURNETT,**

                              **Plaintiff,**

            **v.**                              CASE NO. 10-3194-SAC

**STATE OF KANSAS, et al.,**

                              **Defendants.**



                              **O R D E R**

     While confined in a county jail in Atchison, Kansas, plaintiff initiated this action with a pro se document titled as a "Motion Do[sic] to This being A Formal Complaint of Racism." The court granted plaintiff provisional leave to proceed in forma pauperis, subject to plaintiff's filing of a complaint on a court approved form, D.Kan.Rule 9.1(a), and to plaintiff either paying the $350.00 district court filing fee or submitting an executed form motion for seeking leave to proceed in forma pauperis under 28 U.S.C. § 1915.

     In response, plaintiff submitted both an amended complaint and an in forma pauperis motion on court approved forms.

     *Motion for In Forma Pauperis Status, 28 U.S.C. § 1915*

     Plaintiff must pay the full $350.00 filing fee in this civil action. *See* 28 U.S.C. § 1915(b)(1)(prisoner bringing a civil action or appeal in forma pauperis is required to pay the full filing fee). If granted leave to proceed in forma pauperis, plaintiff is entitled to pay this filing fee over time, as provided by payment of an initial partial filing fee to be assessed by the court under 28 U.S.C. § 1915(b)(1) and by periodic payments from plaintiff's inmate

trust fund account as authorized in 28 U.S.C. § 1915(b)(2). Pursuant to 28 U.S.C. § 1915(b)(1), the court is required to assess an initial partial filing fee of twenty percent of the greater of the average monthly deposits or average monthly balance in the prisoner's account for the six months immediately preceding the date of filing of a civil action.

Having considered the limited financial records provided by plaintiff, the court finds no initial partial filing fee may be imposed at this time due to plaintiff's limited resources, and grants plaintiff leave to proceed in forma pauperis. *See* 28 U.S.C. § 1915(b)(4)(where inmate has no means to pay initial partial filing fee, prisoner is not to be prohibited from bringing a civil action). Plaintiff remains obligated to pay the full $350.00 district court filing fee in this civil action, through payments from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2).

*Screening of the Amended Complaint, 28 U.S.C. § 1915A*

Because plaintiff is a prisoner, the court is required to screen plaintiff's amended complaint and to dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b). Although a complaint filed pro se by a party proceeding in forma pauperis must be given a liberal construction, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), even under this standard a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991). Plaintiff bears the burden of alleging "enough facts to state a claim to relief that is *plausible*

2

on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). *See Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir.2008)(stating and applying *Twombly* standard for dismissing a complaint as stating no claim for relief).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Alleging misconduct related to his arrest, prosecution, and confinement in the Atchison County jail, plaintiff seeks damages from five defendants in his amended complaint: the State of Kansas, Atchison County Jude Martin Asher, Atchison County Attorney Gerald Kuckelman, Atchison Detective Terry Kelley, and Atchison Police Officer Kuris Page. Having reviewed plaintiff's allegations, the court finds the amended complaint is subject to being summarily dismissed for the following reasons.

First, plaintiff's claim for damages against the State of Kansas are barred by the Eleventh Amendment. *Alabama v. Pugh*, 438 U.S. 781, 782 (1978). *See also Quern v. Jordan*, 440 U.S. 332 (1979)(Eleventh Amendment bar applies to lawsuits brought under 42 U.S.C. § 1983).

Second, a state district court judge is protected by absolute immunity in civil rights actions from liability for damages based on his judicial actions. *Stump v. Sparkman*, 435 U.S. 349, 362-64 (1978). This broad judicial immunity extends even to judicial acts done in error, maliciously, or in excess of authority. *Id*. at 356.

Third, a county prosecutor likewise is entitled to absolute

3

immunity for activities intimately associated with the judicial phase of the criminal process. *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). This includes decisions whether to prosecute and whether to dismiss criminal charges.

And fourth, plaintiff's allegations of misconduct against the remaining two police defendants essentially challenge the validity of the search warrant and arrest underlying plaintiff's present state conviction. Thus "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction" has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477 486-87 (1994). Because plaintiff's claims for damages from these two defendants arise from a conviction that has not been so invalidated,[1] no cognizable claim under § 1983 is presented.

**Notice and Show Cause Order to Plaintiff**

Accordingly, for the reasons stated above, plaintiff is

---

[1] Plaintiff does not indicate whether he filed an appeal in the state courts to assert his allegations of court error and of being denied due process in the state court proceeding underlying his present confinement. Plaintiff's full exhaustion of state court remedies is required before he can seek federal habeas corpus relief under 28 U.S.C. § 2254, based on alleged constitutional error in that conviction. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999)("Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition.").

directed to show cause why the amended complaint should not be dismissed as stating no claim for relief.[2] 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).[3] The failure to file a timely response may result in the complaint being dismissed without further prior notice to plaintiff.

Plaintiff's motion for specific race-based data related to the prosecution and incarceration of defendants in Atchison County throughout 2010 is denied as clearly premature where the court has not ordered service of process on any defendant. *See also Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1950 (2009)(liberal pleading standard under Fed.R.Civ.P. 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions").

IT IS THEREFORE ORDERED that plaintiff's motion for leave to proceed in forma pauperis (Doc. 4) is granted, with payment of the

---

[2]Dismissal of plaintiff's claims against defendants Kelly and Page would be without prejudice. *See Fottler v. United States*, 73 F.3d 1064, 1065 (10th Cir.1996)(claims barred by *Heck* are to be dismissed without prejudice).

[3]Plaintiff is advised that dismissal of the complaint under 28 U.S.C. § 1915(e)(2)(B) will count as a "strike" under 28 U.S.C. 1915(g), a "3-strike" provision which prevents a prisoner from proceeding in forma pauperis in bringing a civil action or appeal if "on 3 or more prior occasions, while incarcerated or detained in any facility, [the prisoner] brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." *See also Day v. Maynard*, 200 F.3d 665, 667 (10th Cir.1999)(per curiam)("a dismissal without prejudice counts as a strike, so long as the dismissal is made because the action is frivolous, malicious, or fails to state a claim."); *Webber v. Weaver*, 6 Fed.Appx. 706 (10th Cir.2001)(affirming *Heck* dismissal as stating no claim for relief and as a strike).

5

$350.00 district court filing fee to proceed as authorized by 28 U.S.C. § 1915(b)(2).

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days to show cause why the amended complaint should not be summarily dismissed as stating no claim for relief under 42 U.S.C. § 1983.

IT IS FURTHER ORDERED that plaintiff's motion for an order (Doc. 5) is denied without prejudice.

Copies of this order shall be mailed to plaintiff and to the Centralized Inmate Banking office for the Kansas Department of Corrections.

**IT IS SO ORDERED.**

DATED: This 24th day of June 2011 at Topeka, Kansas.

                             s/ Sam A. Crow
                             SAM A. CROW
                             U.S. Senior District Judge